<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AHMER SYED NAQVI *ex rel.* S.N. and AHMER SYED NAQVI,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, *et al.*,<br><br>        Defendants. | Civil Action No. 21-9411 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court on a Motion to Dismiss by Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security; Merrick Garland, U.S. Attorney General; Tracy Renaud, Senior Official of the U.S. Citizenship and Immigration Services ("USCIS"); Susan Dibbins, Chief of Administrative Appeals Office of USCIS; and Terri Robinson, Director of the National Benefits Center (collectively, "Defendants"). (ECF No. 8.) Plaintiff Ahmer Syed Naqvi ("Plaintiff") opposed (ECF No. 9), and Defendants replied (ECF No. 10).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

---

[1] The Court will refer to Ahmer Syed Naqvi as "Plaintiff" but understands that he also brings this suit on behalf of his minor daughter, S.N.

**I.     BACKGROUND**[2]

Plaintiff, a U.S. citizen residing in Somerset, New Jersey, proceeds on behalf of himself and his minor daughter, S.N. (Compl. ¶ 8.) In 2004, Plaintiff and his wife began trying to adopt a child. (*Id.* ¶ 14.) Eleven years later, the couple filed a Form I-600—Petition to Classify Orphan As Immediate Relative ("I-600")—with USCIS to adopt S.N., a Pakistani citizen. (*Id.* ¶ 15.) The form reflected that Plaintiff was granted guardianship of S.N. by a Pakistani judge through two orders issued in January and September 2015. (*Id.* ¶ 15; Compl. Ex. A.) The January 2015 order stated that S.N.'s biological parents had left her with a welfare organization, but the September order retracted that finding and expressed concern that the welfare organization concealed facts pertinent to the first guardianship order. (*Id.* ¶¶ 16, 17; Compl. Ex. B, at 23-24.)

Plaintiff's I-600 was approved by USCIS in July 2016. (Compl. ¶ 18.) Under 8 C.F.R. § 204.3(k), USCIS sent the approved application to the U.S. Consulate in Islamabad to complete the process and verify that the child was an "orphan" as defined by the Immigration and Nationality Act ("Immigration Act").[3] (Compl. ¶ 18; Defs.' Moving Br. 5, ECF No. 8.) Nearly 18 months after the I-600 was approved, in January 2018, the U.S. Embassy in Islamabad recommended that USCIS revoke S.N.'s previously issued I-600 because S.N.'s alleged birth parents were arrested on charges for the abduction and sale of children. (Compl. ¶¶ 18-19.) USCIS issued its formal Notice of Intent to Revoke in March 2018, and Plaintiff responded. (*Id.* ¶ 18.) Unpersuaded by Plaintiff's arguments and corresponding documents supporting that S.N. was an orphan, USCIS

---

[2] On a motion to dismiss, the Court accepts as true the facts alleged in the Complaint and summarizes them here. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[3] A child under the age of sixteen qualifies as an "orphan" under the statute if, *inter alia*, the child has no parents "because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents," or if the child's sole surviving parent "is incapable of providing the proper care and has in writing irrevocably released the child for emigration and adoption." 8 U.S.C. § 1101(b)(1)(F)(i).

revoked the I-600 on April 23, 2018, citing the same concerns raised by the U.S. Embassy. (*Id.* ¶ 19; Compl. Ex. G, at 49.)

Plaintiff appealed the revocation to the Administrative Appeals Office ("Appeals Office"). (Compl. ¶ 20.) The Appeals Office dismissed Plaintiff's appeal because the record produced by Plaintiff did not reflect that S.N. was a ward of a Pakistani court before being placed with Plaintiff and, therefore, had not demonstrated that she "[was] an orphan due to desertion by both parents." (Compl. ¶ 20; Compl. Ex. B, at 25-28.) Plaintiff subsequently moved the Appeals Office for reconsideration, which denied his motion on the same basis. (Compl. ¶ 21; *see generally* Compl. Ex. C.) Plaintiff then filed a motion to reopen, along with supplemental documents, but the Appeals Office again denied his motion.[4] (Compl. ¶¶ 22-23; Compl. Ex. G, at 52.)

Plaintiff then filed suit in this Court. Plaintiff alleges that the Appeals Office's denial of his final motion to reopen was arbitrary, capricious, and in violation of the Administrative Procedure Act. (Compl. ¶¶ 40-43.) Plaintiff also raises due process claims and asks this Court to declare him the legal father of S.N., to declare S.N. an "orphan" as defined by the Immigration Act, to reverse Defendants' denial, and to order Defendants to reopen Plaintiff's I-600 Petition. (Compl. ¶¶ 34-48.)

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[5] "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first, because if it must dismiss the complaint for lack of subject

---

[4] Plaintiff first filed the motion to reopen on December 12, 2019, which was denied as procedurally deficient. (Compl. ¶ 22.) Plaintiff filed a second motion to reopen in February 2020 that the Appeals Office accepted and became the operative motion. (*Id.* ¶ 23.)

[5] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-0392, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion as either a facial or factual challenge to the court's jurisdiction. *Dickerson*, 2013 WL 1163483, at *1. Typically, "[a] motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's claim must be facially plausible to survive a motion to dismiss, such that the pleaded facts "allow[] the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Plaintiff sues under the Fourteenth Amendment and Administrative Procedure Act, arguing that the Appeals Office violated his constitutional right to care for his daughter and, alternatively, that the Appeals Office acted arbitrarily and capriciously in denying his final motion to reopen. (*Id.* ¶¶ 34-38, 42-43.)

Defendants counter that the Court lacks subject matter jurisdiction to hear Plaintiff's claims because those claims concern the revocation of S.N.'s visa, a process within the sole discretion of the Secretary of the Department of Homeland Security. (*See* Defs.' Moving Br. 10-13.) Alternatively, Defendants argue that Plaintiff's constitutional claims fail as a matter of law. (*Id.* at 14-18.) The Court begins with Defendants' jurisdictional challenge. *Dickerson*, 2013 WL 1163483, at *1.

The Court is constrained to find that it lacks subject matter jurisdiction over this suit.[6] At bottom, Plaintiff challenges Defendants' revocation of S.N.'s visa, which is governed by 8 U.S.C. § 1155.[7] (Compl. ¶¶ 23, 27, 42, 46.) The Third Circuit unequivocally held that "the revocation of an approval of a [visa] petition is committed solely to administrative discretion." *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 203 (3d Cir. 2006). Because the plain language of § 1155

---

[6] Although the Administrative Procedure Act contains a presumption of judicial review, that presumption gives way to Congressional directives, as agency action is exempt from judicial review where, among other scenarios, "the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of its own discretion." *Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 318 (3d Cir. 2020) (citing *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)).

[7] The statute reads that "[t]he Secretary . . . *may*, at any time, for what *he deems to be good and sufficient cause*, revoke the approval of any petition approved by him under [S]ection 1154 of this title." 8 U.S.C. § 1155 (emphases added).

5

states that the Secretary of Homeland Security "may" revoke approval of a visa "at any time" when the Secretary "deems [there] to be good and sufficient cause," it is clear that Congress intended the Secretary to have sole discretion over revocation of visa petitions. *See id.* at 203 (citing *Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005); *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004)). Plaintiff does not contest that *Jilin* bars judicial review of the Secretary's decision under § 1155. (Pl.'s Opp'n Br. 3-4, ECF No. 9.)

Instead, Plaintiff attempts to avoid the mandate in *Jilin* by challenging not the visa revocation itself but the denial of the motion to reopen that revocation. (Pl.'s Opp'n Br. 4-6.) Alternatively, Plaintiff claims that a "new," judicially reviewable decision was rendered when the motion to reopen was denied. (Pl.'s Opp'n Br. 3-8.) The Court finds that Plaintiff's alternative framing does not confer jurisdiction. Plaintiff asks the Court to address the merits of the visa revocation and re-weigh the evidence on both sides by "[d]eclaring [S.N.] to be an orphan" and "invalidating and reversing" the Appeals Office's December 2020 decision. (Compl. ¶¶ 44-48.) The Court lacks jurisdiction to take such action because the Appeals Office's "rationale for denying [Plaintiff's] procedural request [to reopen] also establishes [Plaintiff's] inability to prevail on the merits of his underlying claim." *Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012) (citations omitted).[8] In dismissing the motion to reopen, the Appeals Office found that Plaintiff did "not overcome [their] previous finding, and [did] not demonstrate[] that [S.N.] meets the orphan definition due to disappearance of her parents." (Compl. Ex. G, at 51-52.) Thus, because "it is impossible to distinguish the challenged action from the determination on the merits, . . .

---

[8] Other courts have similarly reasoned that "so long as the question presented is essentially the same discretionary issue originally decided," the Court lacks jurisdiction. *See Uraga v. Att'y Gen. of U.S.*, 475 F. App'x 435, 437 (3d Cir. 2012) (per curiam) (reviewing jurisdiction for a reconsideration motion in the context of a Board of Immigration Appeals decision); *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009) (finding a motion to reopen decided on the merits of a discretionary determination precludes judicial review).

jurisdiction is lacking and the petition must be dismissed." *Calma v. Holder*, 663 F.3d 868, 877 (7th Cir. 2011). Plaintiff "cannot manufacture jurisdiction simply by petitioning this [C]ourt to review the [Appeals Office's] denial of his motion to reopen."[9] *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Plaintiff's argument that the Appeals Office rendered an entirely "new decision" in adjudicating his motion to reopen fails for the same reason. (Pl.'s Opp'n Br. 6.)

Since the Court lacks jurisdiction to hear Plaintiff's claim, the Court grants Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). The Court finds it unnecessary, therefore, to address Defendants' alternative grounds for dismissal under Rule 12(b)(6). *Dickerson*, 2013 WL 1163483, at *1.

## IV.    CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). An Order consistent with this Memorandum Opinion will follow.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[9] To the extent Plaintiff relies on the reasoning in the Supreme Court's decision in *Kucana v. Holder*, to illustrate that the Court has jurisdiction over the motion to reopen, the Court disagrees *Kucana* applies here. 558 U.S. 233 (2010). *Kucana* "specifically left open 'the question whether review of [decisions made discretionary by regulation] would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief.'" *Calma*, 663 F.3d at 873 (quoting *Kucana*, 130 S. Ct. at 839 n.17). Because the Court lacks jurisdiction over the underlying visa revocation, it lacks jurisdiction over the motion to reopen. *Jilin*, 447 F.3d at 203.